UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JACOB D. FRANTZ,
JAN M. MAURICIO, and
JOHN MAURICIO,

    Plaintiffs,

v.                          Case No. 8:19-cv-969-T-33SPF

CENTURY-NATIONAL INSURANCE
COMPANY,

    Defendant.
_____/

**ORDER**

This matter comes before the Court upon consideration of Defendant Century-National Insurance Company's Motion to Dismiss the Complaint (Doc. # 6), filed on April 29, 2019. Plaintiffs Jacob D. Frantz, Jan M. Mauricio, and John Mauricio responded on May 13, 2019. (Doc. # 16). For the reasons that follow, the Motion is granted.

**I.   Background**

On February 3, 2015, Frantz, a Florida citizen, was involved in a motor vehicle accident in Hanover Township, Lehigh County, Pennsylvania. (Doc. # 1-1 at 2). While negligently operating his 1999 Land Rover, Frantz rear-ended a motor vehicle operated by John Mauricio, in which Jan Mauricio was a passenger. (Id.). The accident resulted in

1

serious bodily injuries to Jan (Id.), and loss of consortium damages to John. (Doc. # 1 at 53).

Frantz was insured by Century-National at the time of the accident. (Doc. # 1-1 at 2). Plaintiffs allege that the policy provides bodily injury liability coverage in this situation. (Id.). The policy states when "[a] compulsory insurance or similar law require[s] a nonresident to maintain insurance whenever the nonresident uses a vehicle in that state or province, [the] policy will provide at least the required minimum amounts and types of coverage." (Doc. # 1 at 25).

Claims for damages were made by the Mauricios against Frantz, and the claims were adjusted in Florida by Pro General Insurance Solutions, Inc. on behalf of Century-National. (Doc. # 1-1 at 2). On February 1, 2017, after Century-National failed to resolve the Mauricios' claims, the Mauricios filed a lawsuit against Frantz in the court of Common Pleas in Lehigh County, Pennsylvania, alleging damages as a result of the February 3, 2015, accident. (Id. at 2-3). On March 27, 2017, the Mauricios' attorney notified Pro General, then acting on behalf of Century-National, that the Mauricios would accept $15,000 — the Pennsylvania minimum financial responsibility limit — to resolve their claims against

Frantz. (Id. at 4). Century-National did not settle the claims. Ultimately, a final judgment in favor of the Mauricios was entered against Frantz in the amount of $584,438.04. (Id. at 5).

On May 4, 2017, Century-National filed a complaint for declaratory judgment in Sarasota County, Florida, against Frantz, alleging that the policy issued to Frantz provided no bodily injury liability coverage. (Id. at 4). On May 16, 2017, copies of the summons and the complaint were served on Donald Frantz, father of Jacob D. Frantz, at Donald's home at 887 Leeward Road, Venice, Florida. (Id.). At the time of service, Frantz alleges he was over the age of 18 and not a resident of 887 Leeward Road, Venice, Florida. (Id.). He further alleges that 887 Leeward Road, Venice, Florida had not been his usual place of abode since at least October 2016. (Id.). Finally, Frantz alleges that he was never personally served with copies of the summons or the complaint. (Id.).

On June 13, 2017, after securing a default from the Clerk of the Court, Century-National secured an order granting its motion for final default judgment against Frantz in the declaratory action. (Doc. # 1 at 78). The order granting the default judgment states: "ORDERED AND ADJUDGED that said Motion be, and the same is hereby GRANTED." (Id.). The order

3

also states: "Award CENTURY-NATIONAL INSURANCE COMPANY such additional affirmative relief as the Court deems just and appropriate under the circumstances, including attorney fees and all taxable costs of this action." (Id. at 79).

On March 21, 2019, Plaintiffs brought this action in the Circuit Court of the Twelfth Judicial Circuit in and for Sarasota County, Florida. (Doc. # 1-1 at 1). Century-National timely removed this action to federal court based on diversity of citizenship. (Doc. # 1 at 1).

The Complaint alleges two counts. Count I seeks relief from the state court order granting Century-National's motion for final default judgment under Florida Rule of Civil Procedure 1.540(b). In Count I, Plaintiffs allege Frantz was never properly served. (Doc. # 1-1 at 6). Plaintiffs further allege the state court order was based upon false representations by Century-National. (Id.). Count II alleges bad faith by Century-National. (Id. at 7). Plaintiffs allege that Century-National owed a fiduciary duty of good faith to Frantz to handle every aspect of the adjustment and defense of the Mauricios' claim against him fairly and honestly with due regard for his interests. (Id.). Plaintiffs allege that Century-National failed in all of its duties. (Id. at 8). Plaintiffs demand judgment against Century-National in the

4

amount of the final judgment entered against Frantz in favor of the Mauricios. (Id. at 9).

On April, 29, 2019, Century-National filed the instant Motion to Dismiss. (Doc. # 6). Plaintiffs have responded (Doc. # 16), and the Motion is ripe for review.

II. **Legal Standard**

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990). But,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan

v. Allain, 478 U.S. 265, 286 (1986). The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

### III. **Analysis**

Century-National argues that both counts of the Complaint should be dismissed pursuant to Rule 12(b)(6).

**A.   Count I**

As a preliminary matter, Plaintiffs concede that the Mauricios were not a party to the declaratory action, and therefore, do not have standing with regard to Count I. (Doc. # 16 at 5). Accordingly, Count I is dismissed without prejudice as to the Mauricios. Still, the Court must analyze whether Count I plausibly states a claim by Frantz.

In Count I, Frantz seeks relief from the order granting the motion for final default judgment in the state declaratory action. Florida Rule of Civil Procedure 1.540(b) provides several bases for which a party may seek to set aside a judgment, decree, or order. In addition to the enumerated bases listed in Rule 1.540(b), a court may "entertain an independent action to relieve a party from a judgment, decree,

order, or proceeding or to set aside a judgment or decree for fraud upon the court." Fla. R. Civ. P. 1.540(b).

Thus, in an independent action, the Court may set aside a judgment or order for equitable reasons as well as for "fraud upon the court." As the Florida Supreme Court has stated, "it is a universal rule that in cases of attacks on judgments via chancery suits to set them aside because of fraud it is necessary that the fraud be extrinsic as distinguished from intrinsic." Fair v. Tampa Elec. Co., 27 So. 2d 514, 515 (Fla. 1946); see also Parker v. Parker, 950 So. 2d 388, 392 (Fla. 2007) ("[W]here fraud is extrinsic, it . . . must be attacked independent of the action. However, where fraud is intrinsic, it is deemed to have occurred in the current action and must be attacked by a . . . motion directed at the current action."). So, only extrinsic fraud may be alleged in an independent action as "fraud upon the court." DeClaire v. Yohanan, 453 So. 2d 375, 378 (Fla. 1984).

Therefore, in order to state a claim based on fraud under Rule 1.540(b) in an independent action, Frantz must plead facts that demonstrate extrinsic fraud in the prior action. Extrinsic fraud has been defined as "the prevention of an unsuccessful party [from] presenting his case, by fraud or deception practiced by his adversary; keeping the opponent

7

away from court; . . . [or] ignorance of the adversary about the existence of the suit or the acts of the plaintiff." Id. at 376-77.

In Count I, Frantz alleges Century-National committed extrinsic fraud in two ways. First, Frantz alleges that Century-National's failure to personally serve him constituted extrinsic fraud. (Doc. # 1-1 at 6). Notably, Frantz does not allege that he was unaware of the state declaratory action or otherwise fraudulently kept away from court.

The Florida Supreme Court has noted a distinction between "a total want of service where the defendant received no notice at all, and a service which is irregular or defective but actually gives the defendant notice of the proceedings against him." Cannella v. Auto-Owners Ins. Co., 801 So. 2d 94, 99 (Fla. 2001) (quoting State ex rel. Gore v. Chillingworth, 171 So. 649, 652 (Fla. 1936)). A judgment upon service that is irregular or defective but actually gives notice is only voidable. Id. Defective service and voidable judgments should be challenged by motion in the state court action within one year of a final judgment. See DeClaire, 453 So. 2d at 378. Based on the pleadings, the service is merely voidable and does not rise to the level of extrinsic fraud

8

which can be challenged in an independent action. Instead, the service should have been challenged by motion in the state court action.

Second, Frantz alleges that Century-National committed fraud upon the state court by submitting an affidavit that made false representations as to the policy coverage. (Doc. # 1-1 at 6). False testimony and fraudulent instruments have been expressly held to be intrinsic fraud when they "pertain[] to the issues in the case that have been tried or could have been tried." Parker, 950 So. 2d at 391. Relief from judgment based on intrinsic fraud must be filed by motion and must be done within one year of its entry. Id. The alleged false representations to the court directly pertain to what was at issue in the declaratory action: whether the policy provided for bodily injury liability coverage. Therefore, the alleged false representations to the court are intrinsic fraud and should have been contested in the underlying declaratory action. Id.

Neither allegation as to Century-National's conduct in the state court declaratory action provides a basis for setting aside the judgment on equitable grounds or for fraud upon the court. Therefore, Count I is dismissed without prejudice because Frantz failed to sufficiently plead his

entitlement to relief from the state court order. Nevertheless, at this juncture, the Court is not convinced that amendment would be futile. Therefore, if Frantz wishes to amend his claim against Century-National, he may file an amended complaint by July 17, 2019.

**B.    Count II**

In Count II, Plaintiffs allege that Century-National owed a fiduciary duty of good faith to Frantz. (Doc # 1-1 at 7). This duty allegedly required Century-National to handle every aspect of the adjustment and defense of the Mauricios' claims against Frantz fairly and honestly with due regard for Frantz's interest. (Id.). Plaintiffs allege that Century-National breached its duty in several ways, resulting in the underlying insurance claim not settling and the $584,438.04 judgment against Frantz. (Id. at 7-8).

Century-National argues that a final judgment was entered in the declaratory action and that the judgment is res judicata with respect to Frantz and any bad faith claim. (Doc. # 6 at 3). Century-National further argues that the Mauricios cannot state a cause of action for a bad faith claim because it would necessarily be derivative of Frantz's bad faith claim, which is barred by res judicata. (Id. at 9-10).

The doctrine of res judicata bars the relitigation of issues already decided in a valid final judgment. Kent v. Sutker, 40 So. 2d 145, 146 (Fla. 1949). A declaratory judgment resolving insurance coverage "has the force and effect of a final judgment." Monticello Ins. Co. v. Thompson, 743 So. 2d 1215, 1215 (Fla. 1st DCA 1999). An order granting a declaratory judgment, however, must do more than merely establish an entitlement to a final judgment. Id. at 1215-16. The order must actually enter or render a judgment as to the coverage or include specific "language of finality" for it to be considered "final." Id.; see also Catchings v. Fla.-McCracken Concrete Pipe Co., 135 So. 561, 562 (Fla. 1931)(holding that the language "judgment hereby rendered herein for the defendant" did not constitute a final judgment because this language was not equivalent to the words "the plaintiff 'take nothing by his suit, and that the defendant go hence without [del]ay'"); Baker v. Colley, 104 So. 2d 473, 473 (Fla. 2d DCA 1958)(holding that the language "Ordered, and Adjudged that said Motion to Dismiss and said Motion to Strike be, and the same are hereby granted" was not a final judgment). For example, the language "Defendant's motion for final summary judgment is hereby granted that the plaintiff take nothing by this suit and go hence without [del]ay" was

held to be a final judgment because it contained "magic words demonstrating finality." Allstate Ins. Co. v. Collier, 405 So. 2d 311, 312 (Fla. 4th DCA 1981).

In this case, the order granting Century-National's motion for final default judgment did not contain language explicitly entering a judgment or other specific "language of finality." The granting language stated "ORDERED AND ADJUDGED that said Motion be, and the same is hereby GRANTED." (Doc # 1 at 78). Without more, this language lacks the requisite language of finality. Cf. Baker, 104 So. 2d at 473. Furthermore, the order goes on to add that such additional relief shall be granted as the court deems appropriate, which suggests this matter was not entirely resolved. (Doc. # 1 at 79). Accordingly, the order granting Century-National's motion for final default judgment is not a final judgment and does not constitute res judicata for the bad faith claim. Because Frantz's bad faith claim is not barred by res judicata and Century-National concedes that the Mauricios' bad faith claim is derivative of Frantz's claim (Doc. # 6 at 9-10), the Mauricios have standing as to Count II.

Next, the Court considers whether Plaintiffs have sufficiently stated a claim for bad faith. Section 624.155, Florida Statutes, provides that an insured may bring a civil

action against an insurer when the insured is damaged by the insurer's "[n]ot attempting in good faith to settle claims when, under all of the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her or his interests." Fla. Stat. § 624.155.

Before a Section 624.155 claim can be brought, certain conditions precedent must be met. Id. The insurer must be given 60 days' written notice of the violation. Id. Additionally, the insured is required to "establish entitlement to benefits under the policy before asserting a [S]ection 624.155 claim." Levesque v. Gov't Emps. Ins. Co., No. 15-14005-CIV-MARRA, 2015 WL 6155897, at *4 (S.D. Fla. Oct. 20, 2015); see also Blanchard v. State Farm Mut. Auto. Ins. Co., 575 So. 2d 1289, 1291 (Fla. 1991) ("An insured's underlying first-party action for insurance benefits against the insurer necessarily must be resolved favorably to the insured before the cause of action for bad faith in settlement negotiations can accrue."). The purpose of the second requirement is to ensure that the insured has a valid claim against the insurer. Levesque, 2015 WL 6155897, at *4.

An entitlement to benefits does not require a formal judgment in a civil action. See, e.g., Dadeland Depot, Inc.

13

v. St. Paul Fire & Marine Ins. Co., 945 So. 2d 1216, 1234 (Fla. 2006) ("The condition precedent announced by our decision in Blanchard is satisfied when an arbitration panel concludes that a principal has breached its duty to its obligee."). A payment of policy limits, for example, is sufficient to allege that there has been a determination of an entitlement to benefits. Demase v. State Farm Fla. Ins. Co., 239 So. 3d 2018, 224 (Fla. 5th DCA 2018); Brookins v. Goodson, 640 So. 2d 110, 112 (Fla. 4th DCA 1994). "In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed." Fed. R. Civ. P. 9(c). In this case, Plaintiffs have satisfied this requirement by pleading that all conditions precedent have occurred or been excused. (Doc. # 1-1 at 9).

However, in addition to alleging the conditions precedent, Plaintiffs must allege "both that 'there has been a determination of the existence of liability on the part of the insurer' and 'the extent of the plaintiff's damages'" as a substantive element of the bad faith claim. Porcelli v. OneBeacon Ins. Co., 635 F. Supp. 2d 1312, 1316 (M.D. Fla. 2008); see also Progressive Select Ins. Co. v. Shockley, 951 So. 2d 20, 20 (Fla. 4th DCA 2007) ("[B]oth the existence of liability and the extent of damages are elements of a

14

statutory cause of action for bad faith."). Therefore, the determination of the existence of liability on the part of the insurer is both a condition precedent and a substantive element. In this case, Plaintiff's general allegation is sufficient to satisfy the condition precedent requirement, but insufficient to plead the substantive element.

When reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts as true all allegations in the Complaint and construes them in the light most favorable to Plaintiffs. Jackson, 372 F.3d at 1262. The Court is not, however, "bound to accept as true a legal conclusion couched as a factual allegation." Papasan, 478 U.S. at 286. In the Complaint, Plaintiffs do not allege that there has been a determination of Frantz's entitlement to benefits. Nor do they allege that Frantz obtained a judgment or declaration regarding the policy's coverage. In fact, Plaintiffs state in the Complaint that Century-National never made any payment within the policy limits. (Doc. # 1-1 at 9). Furthermore, the state court declaratory order granting Century-National's motion for default judgment suggests the opposite of a determination in favor of Frantz.

Thus, Plaintiffs have not plausibly alleged that a determination has been made in favor of Frantz regarding

Century-National's liability. Therefore, without more, the Complaint fails to state a claim for bad faith and Count II is dismissed without prejudice. Because the Court does not believe amendment would be futile, Plaintiffs may amend the bad faith claim by July 17, 2019.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Century-National Insurance Company's Motion to Dismiss the Complaint (Doc. # 6) is **GRANTED.**

(2) Count I is **DISMISSED** without prejudice as to the Mauricios because they lack standing. Count I is **DISMISSED** without prejudice as to Frantz. If Frantz wishes to amend this claim against Century-National, he may file an amended complaint by July 17, 2019.

(3) Count II is **DISMISSED** without prejudice as to Frantz and the Mauricios. If Plaintiffs wish to amend this claim, they may file an amended complaint by July 17, 2019.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>3rd</u> day of July, 2019.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE