UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JACOB D. FRANTZ,
JAN M. MAURICIO, and
JOHN MAURICIO,

    Plaintiffs,

v.                               Case No. 8:19-cv-969-T-33SPF

CENTURY-NATIONAL INSURANCE
COMPANY,

    Defendant.

_____/

**ORDER**

This matter comes before the Court upon consideration of Defendant Century-National Insurance Company's Motion to Dismiss Plaintiffs' Amended Complaint (Doc. # 31), filed on August 16, 2019. Plaintiffs Jacob D. Frantz, Jan M. Mauricio, and John Mauricio responded on August 30, 2019 (Doc. # 32). For the reasons that follow, the Motion is granted.

**I.**   **Background**

The Court has already set forth the facts underlying this case and the pertinent procedural history in its July 3, 2019, order granting Defendant's motion to dismiss the original Complaint and its July 26, 2019, order granting Plaintiffs an extension of time in which to file an Amended

1

Complaint. Therefore, the Court will set forth only the facts pertinent to its disposition of the instant Motion.

This case began in February 2015, when Frantz and the Mauricios were involved in an automobile accident. (Doc. # 29 at ¶¶ 5-6). Frantz alleges that he was insured for the automobile accident by Century-National. (Id. at ¶ 7). On May 4, 2017, Century-National filed a complaint for declaratory judgment in Sarasota County, Florida, in case no. 2017-CA-002209, against Frantz, alleging that the policy issued to Frantz provided no bodily injury liability coverage. (Id. at ¶ 15). A copy of the summons and complaint in that case were served on Frantz's father, and Frantz has alleged that he had no actual notice of the declaratory judgment proceedings against him. (Id. at ¶¶ 16-17).

On June 13, 2017, after securing a default from the Clerk of the Court, Century-National obtained an order granting its motion for final default judgment against Frantz in the declaratory judgment action. (Id. at ¶ 18; Doc. # 1 at 78-79). The June 13, 2017, order stated that Frantz's insurance policy with Century-National "does not provide any bodily injury liability insurance coverage" and that Century-National "owes no duty to defend and/or indemnify" Frantz for any bodily injury claim brought by Jan Mauricio or any loss

2

of consortium claim brought by John Mauricio in connection with the 2015 automobile accident. (Doc. # 1 at 78-79). In its previous order, this Court determined that the June 13, 2017, order did not contain sufficient words demonstrating finality and was not a final judgment for res judicata purposes. (Doc. # 23 at 10-12).

Accordingly, approximately one week after this Court entered its order on Century-National's motion to dismiss, Century-National moved in state court for an entry of final default judgment in the underlying declaratory action. (Doc. # 24-1). Frantz, in turn, filed a response to that motion, a motion to set aside the default, and requested a hearing before the state court judge. (Doc. # 24-3). To this Court's knowledge, Century-National's motion for entry of final default judgment remains pending before the state court.

The Amended Complaint, like the original Complaint, contains two counts. Count 1 seeks relief from the June 13, 2017, state court order under Florida Rule of Civil Procedure 1.540(b). (Doc. # 29 at 6-7). Count 2 alleges bad faith on the part of Century-National. (Id. at 7-10).

On August 16, 2019, Century-National moved to dismiss the Amended Complaint. (Doc. # 31). Plaintiffs have responded (Doc. # 32), and the Motion is ripe for review.

**II. Legal Standard**

On a motion to dismiss pursuant to Rule 12(b)(6), this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, the Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990). But,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

**III. Analysis**

    **A.   Count 1**

In the Motion, Century-National argues that the Amended Complaint does not allege the requisite grounds of fraud-upon-the-court that would allow an independent action to set

4

aside the order under Florida Rule of Civil Procedure 1.540(b)(3). (Doc. # 31 at 6-14). In his response, Frantz[1] argues that the June 13, 2017, order should be set aside under Florida Rule of Civil Procedure 1.540(b)(4), as a judgment that is void for lack of service of process. (Doc. # 32 at 6-13).

Florida Rule of Civil Procedure 1.540(b) allows a court to relieve a party from a final judgment, decree, order, or proceeding for, among other reasons, "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party" or because "the judgment or decree is void." Fla. R. Civ. P. 1.540(b)(3), (4). Under both Florida Rule of Civil Procedure 1.540(b) and Federal Rule of Civil Procedure 60(b), courts can only effect relief on **final** orders or judgments.[2] See

---

[1] Count 1 is brought on behalf of Frantz alone. (Doc. # 32 at 6).

[2] When a district court sits in diversity jurisdiction, it must apply state substantive law and federal procedural law. Global Quest, LLC v. Horizon Yachts, Inc., 849 F.3d 1022, 1027 (11th Cir. 2017). However, if there is no conflict between state and federal law, "the court can apply state and federal law harmoniously to the issue at hand." Esfeld v. Costa Crociere, S.P.A., 289 F.3d 1300, 1307 (11th Cir. 2002). Here, the state and federal rules are nearly identical.

Fed. R. Civ. P. 60(b); Fla. R. Civ. P. 1.540(b). Here, as explained above, the state court proceedings with respect to Century-National's pursuit of a final default judgment in the declaratory judgment action are not yet complete. Thus, there is no final "judgment" nor even a final order that this Court could act upon. See Raytheon Constructors, Inc. v. Asarco Inc., 368 F.3d 1214, 1217 (10th Cir. 2003) ("Rule 60(b) ... only applies to final orders or judgments."); Garcia v. Navy Fed. Credit Union, 224 So. 3d 339, 340 (Fla. 5th DCA 2017) (explaining that Florida Rule of Civil Procedure 1.540(b) does not authorize relief from a non-final order).

The Court is cognizant that, because federal courts are courts of limited jurisdiction, they are prevented from adjudicating cases that are unripe or rest upon "future events that may not occur as anticipated, or indeed may not occur at all." Ralston v. LM Gen. Ins. Co., No. 6:16-cv-1723-Orl-37DCI, 2016 WL 6623728, at *2-3 (M.D. Fla. Nov. 9, 2016). Frantz's claim as to Count 1 is premature and is thus dismissed without prejudice.

---

Compare Florida Rule of Civil Procedure 1.540(b) with Federal Rule of Civil Procedure 60(b).

### B. Count 2

Century-National argues that Plaintiffs cannot pursue a bad faith claim because they do not have a determination of coverage in Frantz's favor. (Doc. # 31 at 14-15). Plaintiffs concede that coverage and liability issues must "ordinarily" be determined before a bad faith claim can be prosecuted but argue that in light of the ongoing dispute as to whether Century-National's denial of coverage was valid, this Court should abate Count 2. (Doc. # 32 at 14-16).

Florida law does not recognize a "valid" bad faith claim until there has been a determination of the insurer's liability and the insured's damages. See Dadeland Depot, Inc. v. St. Paul Fire & Marine Ins. Co., 483 F.3d 1265, 1270 n.3 (11th Cir. 2007); Vest v. Travelers Ins. Co., 753 So. 2d 1270, 1276 (Fla. 2000). Here, the parties agree that Frantz has not received a favorable determination of coverage or liability and that, in the ordinary case, such a determination is a prerequisite to a bad faith claim. (Doc. # 31 at 15; Doc. # 32 at 14-15).

Thus, the only issue before the Court is whether the bad faith claim should be abated or dismissed without prejudice. Landmark Am. Ins. Co. v. Studio Imps., Ltd., Inc., 76 So. 3d 963, 964–65 (Fla. 4th DCA 2011) ("The trial court can decide

to either dismiss the bad faith claim without prejudice or abate the claim until the underlying breach of contract issue is resolved.").

While courts have not settled on a single course of action for handling an unripe bad faith claim, the decision of whether to abate or dismiss the claim without prejudice ultimately rests in the sound discretion of the trial court. See Cox v. Nat'l Gen. Ins. Online, Inc., No. 8:15-cv-1924-T-33JSS, 2015 WL 5316966, at *2 (M.D. Fla. Sept. 11, 2015). This Court takes the view that "abating [a] bad-faith claim, even it if may be in the interest of judicial economy, is not the proper route. Bringing a premature bad-faith claim is contrary to the Federal Rules of Civil Procedure. A plaintiff who has an as-yet unresolved claim for . . . benefits is not 'entitled to relief' on its claim for bad-faith." Bele v. 21st Century Centennial Ins. Co., 126 F. Supp. 3d 1293, 1296 (M.D. Fla. 2015).

Under the circumstances of this case, the Court exercises its discretion to dismiss without prejudice the prematurely filed claim for bad faith. See Wells v. State Farm Mut. Auto. Ins. Co., No. 8:13-cv-2355-T-27AEP, 2014 WL 3819436, at *1 n.1 (M.D. Fla. Mar. 18, 2014) ("The trend in Florida's appellate courts is to dismiss the bad faith claim

without prejudice, rather than abate it, and the weight of authority from Florida's District Courts of Appeal and Supreme Court supports dismissal."); Great Am. Assurance Co. v. Sanchuk, LLC, No. 8:10-cv-2568-T-33AEP, 2012 WL 195526, at *7 (M.D. Fla. Jan. 23, 2012) ("[W]hen premature filing of an action cannot be cured by the passing of time — that is, when the claim is dependent upon the outcome of a separate action — dismissal without prejudice is preferred.").

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Century-National Insurance Company's Motion to Dismiss Plaintiffs' Amended Complaint (Doc. # 31) is **GRANTED**. The Plaintiffs' Amended Complaint is dismissed in its entirety. This dismissal is without prejudice to Plaintiffs' ability to file a new action, as appropriate, once Plaintiffs' claims become ripe for adjudication. The Clerk is directed to **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 13th day of September, 2019.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE